UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW R. SIMMERS | : | CIVIL ACTION |
| 211 Bethel Springs Drive | : | |
| North East, Maryland 21901 | : | |
| | : | NO. |
| v. | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | JURY TRIAL DEMANDED |
| 60 Massachusetts Avenue | : | |
| Washington, D.C. 20002 | : | |

## **COMPLAINT**

1. The plaintiff herein is Andrew R. Simmers, a citizen and resident of Maryland, residing at 211 Bethel Springs Drive, North East, Maryland 21901

2. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the District of Columbia with its principle place of business at the above address, and which regularly does business in the District of Columbia and through the United States of America.

4. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

7. At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

8. On or about May 29, 2019 and for some time prior thereto, plaintiff was employed by defendant, National Railroad Passenger Corporation, as a Foreman – Track Department and on that date, in the performance of his duties, he was caused to sustain the serious, permanent and painful personal injuries, more particularly hereinafter described.  While attempting to lift and remove two rail jack of approximately 50lbs a piece from the back of a utility truck, Plaintiff was injured when the jacks fell to the ground while Plaintiff was still holding them causing injury to the nerves, ligaments, tendons and muscles in his neck, shoulders and arms.  As a result of the negligence and carelessness of Defendant, Plaintiff sustained physical, mental and emotional injuries hereinafter described.

9. The negligence and carelessness of the Defendant consisted of the following, inter alia:

    a) Failing to provide Plaintiff with a safe place to work;

    b) Failing to provide adequate training in material and equipment handling;

    c) Failing to provide proper storage of rail jacks in utility trucks;

    d) Failing to provide proper staffing to complete ground work;

e) Failing to maintain said equipment in a condition which would protect and safeguard the Plaintiff;

10. As a result of the aforesaid, Plaintiff suffered injuries to his shoulders and cervical spine, including but not limited to rotator tears. Plaintiff has been advised that some or all of the above may be permanent in nature.

11. As a result of the aforesaid, Plaintiff had incurred a medically determinable physical impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary work and limited his mobility and daily activities as well as enjoyment of life.

12. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff was unable to attend to his usual duties and occupations, all of which caused substantial financial loss.

13. On September 5, 2019 with the assistance and guidance of counsel, Uriel Stern, Esq., Andrew Simmers filed for bankruptcy under Chapter 7 in the Bankruptcy Court of Maryland (Petition #19-21895).

14. Mr. Simmers' injury claim against defendant was not listed in the original schedules submitted by counsel.

15. On January 28, 2020, the bankruptcy court entered the final decree and closed the bankruptcy with the appointment of a trustee.

16. On June 12, 2020, Andrew Simmers filed a first complaint regarding the above injury event. The complaint was filed in the United States District Court-Washington, D.C. and docketed at 1:20-CV-01528-JEB.

17. On October 30, 2020, defendant filed a motion for summary judgment on 1:20-CV-01528-JEB asserting that Mr. Simmers did not have standing to file the original suit because of the bankruptcy and he was estopped from asserting an injury claim by the non-disclosure of the injury claim in the original schedules.

18. On November 17, 2020 Uriel Stern, Esquire, on behalf of Andrew Simmers filed a motion with the bankruptcy court to re-open the Chapter 7 petition along with amended schedules.

19. On December 2, 2020, the Court in 1:20-CV-01528-JEB granted defendant's motion and dismissed without prejudice on the basis that Mr. Simmers lacked standing as the injury claim belonged to the bankruptcy at that moment.

20. On December 2, 2020, Mr. Stern filed with the agreement of Matt Baer, the Chapter 7 trustee for the bankruptcy petition a notice of abandonment regarding the injury claim against defendant. The abandonment was based on the agreement that the injury claim against defendant was exempt from the bankruptcy estate under Maryland Courts and Judicial Procedure Section 11-504(b)(2).

**WHEREFORE**, Plaintiff Andrew S. Simmers claims all remedies available under the Federal Employer's Liability Act (FELA).

                                                      **KELLER & GOGGIN, P.C.**

By: */s/ James M. Duckworth*
JAMES M. DUCKWORTH, ESQUIRE
D.C. Bar Id. #PA0058
jduckworth@keller-goggin.com
Keller & Goggin, P.C.
1420 Walnut Street, Suite 1108
Philadelphia, PA 19102
(215) 735-8780