## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| ANDREW SIMMERS, |
| *Plaintiff*, |
| v. |
| NATIONAL RAILROAD PASSENGER CORP., |
| *Defendant.* |

No. 21-cv-1023 (DLF)

### MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Simmers brings this case under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, to recover for injuries sustained while working for defendant National Railroad Passenger Corporation (Amtrak).  Before the Court is Amtrak's Motion for Summary Judgment, Dkt. 6.  For the following reasons, the Court will grant that motion.

## I.    BACKGROUND

Simmers began working at Amtrak as a "maintenance gang thumper."  Pl.'s Counter Statement of Material Facts ¶ 4, Dkt. 7.[1]  He alleges that he injured his shoulders in the course of his employment on May 29, 2019 when he "picked up two rail jacks from a work truck."  Def.'s Statement of Material Facts ¶ 7, Dkt. 6.  On June 13, 2019, Simmers' counsel "sent a letter of representation to Amtrak" concerning the alleged injury.  *Id.* ¶ 9.

---

[1] The Court cites to the parties' Statements of Material Facts if a fact is undisputed.  If a fact is disputed, the Court will indicate as such.

On September 5, 2019, Simmers filed a petition for Chapter 7 bankruptcy.  *See id.* ¶ 13.[2]
Simmers' bankruptcy petition did not disclose his personal injury claim against Amtrak.  *See*
Pl.'s Counter Statement ¶¶ 20, 22.  Simmers received an Order of Discharge from the
Bankruptcy Court on January 28, 2020.  *See* Def.'s Statement ¶ 19.

On June 12, 2020, almost six months after receiving the above Order, Simmers filed a
FELA claim against Amtrak with respect to his above injury.  *See id.* ¶ 20; Pl.'s Counter
Statement ¶ 21.  This Court dismissed that claim without prejudice because the bankruptcy
trustee had not abandoned the underlying personal injury claim, which meant that Simmers
lacked standing to bring it.  *See Simmers v. Nat'l R.R. Passenger Corp.* (*Simmers I*), No. CV 20-
1548 (JEB), 2020 WL 7059631, at *3 (D.D.C. Dec. 2, 2020).  The Court also noted another
obstacle to Simmers' claim for relief:  Even if the trustee later abandoned the claim, Simmers
would need to overcome the "basic default rule" that "[i]f a plaintiff-debtor omits a pending (or
soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan
confirmation), judicial estoppel bars the [plaintiff's] action."  *Id.* (collecting cases).

On December 2, 2020, the trustee abandoned Simmers' FELA claim.  *See* Pl.'s Opp'n to
Def.'s Mot. for Summ. J. Ex. C (Notice of Abandonment) at 1, Dkt. 7-5; Pl.'s Counter Statement
¶ 29.  In doing so, the trustee took the position that the claim was exempt from disclosure under
Maryland law.  *See* Notice of Abandonment at 1; Pl.'s Counter Statement ¶ 30.  Several months
later, on April 13, 2021, Simmers filed the instant action, which raises the same FELA claim as
his 2020 action.  *See* Compl., Dkt. 1.

---

[2] Although Simmers marks this paragraph as denied in part, *see* Pl.'s Response to Defendant's
Statement, ¶ 13, Dkt. 7, he admits that he filed a petition for Chapter 7 bankruptcy.

On May 13, 2021, Amtrak moved for summary judgment.  *See* Def.'s Mot. for Summ. J.,
Dkt. 6.  The motion argues that Simmers' failure to disclose his personal injury claim in his
bankruptcy proceeding estops him from raising it here.  *See id.* at 15–21.  The motion is now ripe
for review.

## II.    LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate
if the moving party "shows that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A dispute is "genuine" if "the evidence is
such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S.
at 248; *see also Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).  A fact is "material" if it
"might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248;
*Holcomb*, 433 F.3d at 895.  In reviewing the record, "the court must draw all reasonable
inferences in favor of the nonmoving party, and it may not make credibility determinations or
weigh the evidence."  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

However, "a plaintiff opposing summary judgment" must "substantiate [his allegations]
with evidence" that "a reasonable jury could credit in support of each essential element of [his]
claims."  *Grimes v. D.C.*, 794 F.3d 83, 94 (D.C. Cir. 2015).  The moving party is entitled to
summary judgment if the nonmoving party "fails to make a showing sufficient to establish the
existence of an element essential to that party's case, and on which that party will bear the
burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.    ANALYSIS

The doctrine of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation omitted).  In deciding whether to apply judicial estoppel, courts generally consider (1) whether "a party's later position [is] clearly inconsistent with its earlier position;" (2) whether "the party succeeded in persuading a court to accept that party's earlier position;" and (3) whether "the party seeking to assert an inconsistent position [will] derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 798 (D.C. Cir. 2010).  The D.C. Circuit has also held that courts may only invoke judicial estoppel against a party "who has engaged in misconduct in a separate judicial proceeding" if there is "a discernible connection between the two proceedings." *Id.* at 799 (citation omitted).  Similarly, the Circuit has suggested that "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *Marshall v. Honeywell Tech. Sys. Inc.*, 828 F.3d 923, 930 (D.C. Cir. 2016) (quoting *Maine*, 532 U.S. at 753).  Upon consideration of the above factors, this Court will hold that Simmers is estopped from raising his FELA claim

Beginning with the first factor in *Moses*, Simmers' position in this litigation is "clearly inconsistent" with his representations before the bankruptcy court.  *Moses*, 606 F.3d at 798.  In *Moses*, the D.C. Circuit found inconsistency because a plaintiff had failed to disclose a retaliation claim in his bankruptcy proceedings, despite actively pursuing that claim when those proceedings began. *See id.* at 799.  Like the plaintiff in *Moses*, Simmers raises a personal injury claim in this court that he knew about but failed to disclose in a prior bankruptcy proceeding. Moreover, before he filed for bankruptcy, Simmers sent a letter of representation to Amtrak,

which demonstrated his active pursuit of a personal injury claim. *See* Def.'s Statement ¶ 9. Simmers' inconsistency accordingly satisfies *Moses*' first factor.

Turning to that case's second factor, Simmers "succeeded in persuading" the bankruptcy court to accept his earlier position. *Moses*, 606 F.3d at 798. In *Moses*, the D.C. Circuit found that factor to be satisfied when the bankruptcy court discharged the plaintiff's petition without addressing his undisclosed discrimination claim. *Id*. at 799. That disposition, after all, left "little doubt that Moses succeeded in hiding the inconsistency." *Id.* Similarly here, the bankruptcy court discharged Simmers' petition without considering his potential cause of action. Def.'s Statement ¶ 19; Pl.'s Counter Statement ¶ 22. That is enough to satisfy *Moses*' second factor.

On its third factor, allowing Simmers to proceed on his FELA claim would give him an "unfair advantage" over both his creditors and Amtrak. *Moses*, 606 F.3d at 798. The *Moses* court found an unfair advantage because the plaintiff in that case had positioned himself to keep any damages in his retaliation suit solely for himself. *See id.* at 799. The plaintiff thereby "set up a situation in which he could [both] gain an advantage over his creditors" and prevent the trustee from settling his claim before litigation. *Id.* Here, Simmers seeks to distinguish *Moses* on the ground that his bankruptcy trustee understood Maryland law to treat his FELA claim as an exempted asset. *See* Pl.'s Opp'n at 11, Dkt. 7; *see also* Notice of Abandonment at 1. But although Maryland law generally exempts judgments in personal injury cases, *see* Md. Cts. & Jud. Proc. § 11–504(b)(2), that exemption covers only "damages for pain and suffering and loss of future earnings," and not "damages for lost wages, prepetition medical expenses, injuries to property, and punitive damages," *Calafiore v. Werner Enters.*, Inc., 418 F. Supp. 2d 795, 799 (D. Md. 2006); *see also In re Hurst*, 239 B.R. 89, 91 (Bankr. D. Md. 1999); *Niedermayer v. Adelman*, 90 B.R. 146, 149 (D. Md. 1988). Under FELA, plaintiffs in Simmers' position can

recover damages in both the exempted and nonexempted categories. *See BNSF Ry. Co. v. Loos*, 139 S. Ct. 893, 900 (2019) (noting that FELA allows recovery of lost wages); *see also* 45 U.S.C. § 51. Accordingly, Simmers' failure to disclose his FELA claim set up the possibility of him keeping both the exempt and nonexempt portions of a favorable judgment, to the detriment of his creditors. *See Moses*, 606 F.3d at 799. It also prevented the trustee from settling the case, at least with respect to the nonexempt remedies, which may have benefited Amtrak. *See id.* The third *Moses* factor thus weighs in favor of judicial estoppel. *See id.*

This case also satisfies the remaining requirements for judicial estoppel. First, there is a "a discernible connection" between Simmers' bankruptcy proceeding and the current FELA claim. *Id.* There is no "high bar" for that connection, *Robinson v. Dist. of Columbia*, 10 F. Supp. 3d 181, 186 (D.D.C. 2014), and it is satisfied here because Simmers raises the same claim in this action that he failed to disclose in his bankruptcy action, *see Moses*, 606 F.3d at 800. In addition, Simmers cannot avoid judicial estoppel based on mistake or inadvertence. *See* Pl.'s Opp'n at 1–2, 10, 13–14. Although Simmers' filings reference a sworn statement, *see, e.g.*, *id.* at 2 (referencing "*Exhibit A* Sworn Statement of Andrew Simmers"), he has not submitted any such statement on the record. And at the summary judgment stage, debtor-plaintiffs may not prevail on an inadvertence theory where they have "failed to introduce even their own sworn declarations . . . that their failures to disclose were inadvertent." *Davis v. Dist. of Columbia*, 925 F.3d 1240, 1256 (D.C. Cir. 2019). Moreover, even if Simmers had filed the statement described in his briefing, his inadvertence argument would still fall short. His core argument on this issue is that his bankruptcy attorney advised him that he did not need to disclose his claim. *See* Pl.'s Counter Statement ¶¶ 8–20. But "reliance on an attorney's advice—bad or not—does not relieve the client of the consequences of her own acts for the purposes of judicial estoppel." *Robinson*,

10 F. Supp. 3d at 186 n.4 (internal quotation marks omitted) (collecting cases).  Accordingly, Simmers' claim does not fall within the inadvertence exception from judicial estoppel.

Finally, Simmers may not avoid judicial estoppel on the ground that he re-opened his bankruptcy proceeding and filed an amended schedule that included his FELA claim.  *See* Pl.'s Opp'n at 13.  *Moses* rejected that same argument on the ground that allowing a debtor-plaintiff to "back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them."  606 F.3d at 800 (citation omitted).  The D.C. Circuit took the same position in *Marshall*, which noted that Simmers' position would "lessen the needed incentive for the debtor to provide complete and truthful information at the outset." 828 F.3d at 930 n.10.  Those cases squarely control here.  For the above reasons, the Court holds that Simmers is estopped from raising his FELA claim in this proceeding.

## CONCLUSION

Accordingly, it is

**ORDERED** that the defendant's Motion for Summary Judgment, Dkt. 6, is **GRANTED.** The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dabney L. Friedrich
DABNEY L. FRIEDRICH
United States District Judge

February 25, 2022